17-2930-cv
Carnelli v. Karani

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand eighteen.

PRESENT:   DENNIS JACOBS,
                      CHRISTOPHER F. DRONEY,
                              *Circuit Judges,*
                      STEFAN R. UNDERHILL,
                              *District Judge.**

_____

JACOB CARNELLI,
                              *Plaintiff-Appellee*,

                      v.                                             No. 17-2930-cv

ADARBAAD KARANI,
                              *Defendant-Appellant.***

_____

FOR PLAINTIFF-APPELLEE:           JOHN J.E. MARKHAM, II, Markham & Read, Boston, MA.

_____

\* Judge Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.
\*\* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

1

FOR DEFENDANT-APPELLANT:      EVAN OUELLETTE, Brody, Hardoon, Perkins & Kesten, LLP, Boston, MA.

Appeal from an opinion and order of the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the opinion and order of the district court be **AFFIRMED**.

Defendant-appellant Adarbaad Karani appeals from an August 21, 2017, opinion and order of the United States District Court for the District of Vermont (Reiss, *J.*) denying his Federal Rule of Civil Procedure 56 motion seeking summary judgment on the ground of qualified immunity.

Prior to the action underlying this appeal, Plaintiff-Appellee Jacob Carnelli had sued Karani for injuries sustained when Karani, an off-duty Boston policeman, bounced Carnelli from a bar. Carnelli was deposed, and indicated that he had experienced homicidal thoughts toward Karani. Karani learned of that testimony from his attorney, and immediately wrote an internal memorandum to his supervisor at the Boston Police Department ("BPD"). The memo indicated that Carnelli had made homicidal threats toward Karani, and requested that the BPD provide police protection for Karani at his deposition. Karani also requested that the BPD inform Carnelli's employer, the Vermont Department of Corrections ("Vermont DOC"), about the threats. The next day, before he received a response from his supervisor, Karani himself faxed this same memo to the Vermont DOC.

Carnelli filed this suit in response, on the basis of diversity of citizenship, asserting that Karani interfered with his job at the Vermont DOC and bringing causes of action under Vermont law for tortious interference with contract, defamation, and intentional infliction of emotional distress. In defense, Karani asserted qualified immunity under Vermont law. The district court denied qualified immunity, and Karani appealed. On appeal, he argues that he sent the memo at issue in good faith and was performing a discretionary duty within the scope of his employment, and that he is therefore entitled to qualified immunity. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

At the outset, Carnelli argues that we lack jurisdiction to hear Karani's appeal since the district court rejected Karani's motion on the ground that there are disputed issues of material fact. "Under the collateral order doctrine, a district court's denial of a claim of

2

qualified immunity, to the extent that it turns on an issue of law, is an appealable final decision." *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996) (internal quotation marks and alteration omitted). A denial is also immediately appealable "where the defendant contends that on stipulated facts, or on the facts that the plaintiff alleges are true . . . the immunity defense is established as a matter of law because those facts show either that he didn't do it or that it was objectively reasonable for him to believe that his action did not violate clearly established law." *Id.* at 90-91 (internal quotation marks omitted). However, "determinations of evidentiary sufficiency at summary judgment are not immediately appealable if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred." *Id.* at 89 (internal quotation marks and alterations omitted).

Therefore, we entertain Karani's appeal only to the extent that he argues that as a matter of law he should have been granted qualified immunity, and we accept as true the facts alleged by Carnelli.

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal quotation marks omitted). "Vermont law accords government officials qualified immunity if three conditions are met. First, the official's actions must be within the scope of his employment. Second, the official's actions must be discretionary, as opposed to ministerial. Finally, the official's actions must be in good faith." *Napolitano v. Flynn*, 949 F.2d 617, 622 (2d Cir. 1991).

Officials act within the scope of their employment if they act "during the course of their employment and act[], or reasonably believ[e] they are acting, within the scope of their authority." *Baptie v. Bruno*, 195 Vt. 308, 314 (2013) (internal quotation marks omitted).

Karani argues that the record demonstrates as a matter of law that he was acting within the scope of his employment and authority when he sent the memo. We disagree.

First, Carnelli alleges that the Boston Police Department's Bureau of Professional Standards Division found that Karani's decision to fax the memo to Carnelli's employer violated departmental rules and regulations, which suggests Karani exceeded his authority in sending it.[1]

---

[1] To the extent that Karani raises a hearsay objection to Carnelli's declaration supporting this allegation,

3

Second, the nature of the memo itself and the circumstances under which Karani faxed it to Carnelli's employer support the inference that Karani acted outside his authority at that time. It is undisputed that Karani composed the memo on a Boston Police Department form used for internal communications, that he addressed it to his supervisor within the department and other department personnel, and that the stated purpose of the memo was to seek police protection at his own deposition later that day. Karani also requested in the memo that the Vermont DOC be notified of Carnelli's deposition testimony. All of this only shows that it may have been within Karani's authority to send the memo internally at that time. However, it does not show that he had authority to send the memo externally. Nor did Karani wait for his supervisors to act on his request to send his memo to the Vermont DOC. Instead, one day after writing the memo, he faxed a copy of the same memo to the Vermont DOC without receiving permission to do so.

Finally, Carnelli alleges, plausibly, that Karani did this to harass or spite him because of Carnelli's previous lawsuit against Karani.

On these facts, we cannot find as a matter of law that Karani acted within the scope of his authority or reasonably believed that he was doing so. Thus, Karani cannot satisfy the "scope of employment" requirement for qualified immunity.[2] Accordingly, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

we lack jurisdiction to consider that objection on interlocutory appeal. *See DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012). In any event, Carnelli has shown that "admissible evidence will be available at trial" to prove the allegation: the Bureau of Professional Standards report was not yet finished at the time Karani filed his motion, but it may become the subject of a proffer at trial. *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985).

[2] For this reason, we need not consider whether Karani has failed to satisfy the other elements of this defense.

4